The next case will be 097072, Luz Velez de Ramos, the Secretary of Veterans Affairs. May it please the Court, Virginia Gerard Brady appearing on behalf of the appellant Luz Velez de Ramos. In this case, the question that the appellant is asking the Court to decide is basically to examine the obligations of an examiner in the context of a VA disability claim. When an examination is requested by the VA, the examiner is typically asked a question, whether the disability is related to service, perhaps whatever the degree of disability is, etc. The adjudicator then, which would be either the regional office or the board, must be able to rely upon the adequacy of that examination to then reach a decision on the claim. So if that examination does not consist of an examination of all of the relevant and material evidence, records, etc. in the veteran's file, then that examination is inadequate and therefore places the board and or the regional office in a position where it must essentially fill the gaps. Well, this sounds kind of like a fact question. What's the legal issue here? The legal issue here is, as I would like the Court to address, what we're asking the Court to address is what constitutes an adequate exam as a matter of law under 3.326. And in this case, the Court basically said that the appellant was confusing the duties of the board and the medical examiner. And in fact said that it was the responsibility of the rating specialist, which would be the adjudicator, the person reviewing the reports of examination in light of the whole record and reconciling those reports. And then said that the medical examiner is not bound by those requirements. And in fact, we would assert that that was error and that is inconsistent with the regulations and the law in this area. That under 3.326, a veteran is entitled to inadequate examination. Inadequate examination is required in order for the board to make a decision. Under Regulation 4.2, it talks about what is necessary for inadequate examination. And that is that there needs to be a fully supported opinion. And that opinion, that medical opinion... What was inadequate about the January 25th medical exam? Well, in this specific case... I'm looking at it. It's in our record here. Right. Well, and I think that this case provides an illustration. And that being that the question in this case was whether or not the veteran's schizophrenia had manifested during service or within a year of his service. Well, just to back up, this particular exam was prompted as a result of a BVA ruling, right? It was a remit. And this time, please be very clear and explain to me, explain the differences. Because you've got some doctors who are testifying that there's schizophrenia and they believe it's service-connected. And then they've got medical records from the VA that say, we don't believe that at all. Right. As a matter of fact, they took away his rating that he got a long time ago on cue. That's correct. So the real question is then, is there a legal flaw, at least in my mind, in this January 25th exam? And the way that the CAVC judge wrote it up the first time, he got Dr. Carlos Amat's analysis wrong. And you petitioned for a rehearing.  Right? And the judge said, I'll give you a rehearing. Yes. Because he recognized that he couldn't have knocked Dr. Amat off of the playing field on the grounds that he wrote his report on some stationary of an organization that didn't exist, yada, yada. Okay? Mm-hmm. Now, isn't the question in this case whether the CAVC's explanation of what it thought the examiner did with Dr. Carlos Amat correct? I don't believe so. I don't believe that the court's finding is correct. But the court decided that the medical examiner had wrapped Dr. Carlos Amat up along with multiple psychiatric evaluations having different points of view. Yes. I actually believe that the court implicitly acknowledged that the examination did not really discuss or talk about Amat's findings or those 1945 progress reports. At most, the court implicitly acknowledged that its initial analysis of what the examiner was doing with Dr. Amat was incorrect. Yes. So I'm coming back now to Judge Dice's question to you. In the beginning, you understand that unfortunately our jurisdiction is hampered by statute. So would the question of whether or not Dr. Amat, whether what the examiners were doing in January 25th of 06, really lumping Dr. Carlos and along with the other doctors who had diagnosed schizophrenia earlier and saying, no, there are inadequate records and there's lack of proper documentation. And I'm asking that especially in context of the BVA decision that you obtained on the way up here where the BVA talked in some detail about the perfunctory notes and what they thought was, quote, inadequate documentation by Dr. Amat. So it looked to me like, you know, the BVA key kind of fit in the lock here somewhere. Yeah. Is that a fact question or is that a law question? I think that, let me make sure I understand the question. Well, this is Judge Dice's question. Is what you're presenting with us here something that we should say we're sorry but our hands are tied? Right. And I understand that. And I think that the distinction here is difficult to make. And so I certainly see why this, because it is an evidentiary question ultimately. It's an evidentiary standard that I'm asking you to look at. I'm not actually asking the court to look at whether or not that examination was adequate. That's not what I'm asking the court to find or to review. What's the mistake in the evidentiary standard? The evidentiary standard that I would ask the court to find or to provide is that an adequate examination requires that the examiner consider and discuss within and provide an explanation within that exam that discusses all of the relevant material evidence in the veteran's file that's pertinent to the opinion that's being rendered by that examiner. So what constitutes if you've got an examination? For instance, if we're dealing in a different context and we've got an examination. Where did the Court of Appeals for Veterans Claims say you didn't have to consider all the relevant evidence? They said it's on page 3 of the decision. And in that decision what they said is it is the responsibility of the rating specialist, and they're quoting 4.2, to interpret reports of an examination in light of the recorded history, reconciling various reports into a consistent picture. And then they say a medical examiner is not bound by such requirements. And our assertion would be that that's incorrect, that a medical examiner is also bound by those requirements. I'm sorry, which page is this on? I'm sorry. These pages are numbered. I believe it's the third page of the CABC's decision, but I may have my page. No, it's 1-2. Yeah, the third page of the analysis. Roman 3. Which paragraph? It is the first paragraph, and it's about half way down. The one that begins the appellant argues? Sorry? The paragraph that begins the appellant argues? Yes. Yes. And let's see, I can count sentences if you'd like. But it's towards the end of that paragraph, and actually what I'm really looking at are the last two sentences. The appellant confuses the duties of the board with that of the medical examiner? That's where I start, yeah. And that's essentially where we start to take issue with the CABC decision. And with that question of, well then, what are the duties of the examiner versus the rating specialist, the board, the VA regional office, whoever it is. Because what you've got is a medical expert versus somebody who is not a medical expert. And the problem here is that if you have an examination that does not have. Yeah, but what is it that, what do you understand that the court is saying the medical examiner doesn't have to do, that you say the medical examiner must do? Okay. What I take from this court's decision is that the court is saying that the medical examiner does not necessarily have to review all relevant material evidence in the record that pertains to the question. And certainly the examiner doesn't have to review all. Where does the court say that? The court says, it's not expressed. The court says, it talks about the responsibility of the rating specialist to interpret. And then it says, reconciling various reports into consistent picture, et cetera, and examining the whole record and looking at the whole record. It says the examiner is not bound by those requirements. But the examiner does not, therefore, have to look at the whole record. What I take from that. But you agree with that. You say in your brief, it's true, the examiner doesn't have to look at everything. He only has to look at what's, quote, relevant. Well, what's relevant? So, for instance, if we've got a psychiatric disability, then I'm not really interested in the medical evidence. Is there a piece of relevant evidence that the medical examiner didn't look at in this case? Yes, I believe so. Which one? I believe that the medical examiner in this case did not actually review or discuss those treatment records by Dr. Ahmad that are from 1955, that existed at the year. Those are contemporaneous with the year that the veteran separated from service. How do we know he didn't look at those? Well, and I guess that would be the problem. We don't really know because the examination report is unclear. The only reference he makes to Dr. Ahmad's records is a 1994 statement on a prescription pad that he dismisses out of hand. The examiner does not address, specifically address, those progress notes that are dated in 1955 and which include a diagnosis of schizophrenia as early as September 18th. So is there anything in the doctor's notes that's inconsistent with the paragraph that starts the veteran's claim folder include multiple ta-ta-ta? They consider his military services responsible for his conditions related to the 1971 fall? I'm just trying to ask whether that is an adequate generic description of the specific contents of Dr. Ahmad's records as well as the others. I would submit that it is not adequate for an examiner just to say that they reviewed the claims file and not actually specifically address the evidence in that record that really goes to their opinion. And in this case, the question was, was there a continuity of symptoms? Did this veteran's chronic psychiatric… The examiner here wasn't doubting that Dr. Ahmad had made a diagnosis of schizophrenia, paranoid type, right? He rejected it entirely. He isn't doubting that the analysis was made, the fact of the analysis. That the doctor made that finding. So whatever the underlying circumstances were that add up to the conclusion, the examiner was saying, yes, we have… The examiner is seeing this in the context, which I mentioned earlier, why the case was kicked back to the examiner for another exam, which was there had never been an adequate explanation as to how you could have a number of doctors that had seen your client at a particular time and had said schizophrenic. And yet the government was consistently saying no, not. And so they wanted to finally have a closure, right? The case had been going on for a long time. And so there isn't any specific… And there isn't like a Dr. Clebinger whose report was in the record that was excluded, right? I believe so. I'm sorry, Your Honor. What I'm trying to get at is when the examiner was told in January of 2006, look, let's see if we can come to an end here. And what you need to do is to take everything that's in the record, all of the evidence that is favorable to your client for schizophrenia and all that's adverse. So I didn't understand you in your briefing to be saying that this January 25 exam was imperfect because there were a couple of extra doctors, a couple of extra… And that may be because I was trying to stay away from really discussing the facts specifically to this because what I was really trying to focus on is hoping that the court would really look at that question, not so much as to whether or not that exam… Because that question ultimately is for the court and the board and the regional office to address, whether or not an examination is adequate. But what we're hoping for is some guidance from the court on what is required for an adequate examination. And does an examiner have to address, at the very least, all that evidence that's in the record that pertains or is material to the opinion that is being requested of that examiner? Okay. Let's hear it from the other side. Thank you. May it please the court. Cameron Kovach for the Secretary of Veterans Affairs. This court should dismiss this appeal because Ms. Doramos challenges the factual determination by the Veterans Court that Mr. Doramos' 2006 VA examination was adequate. Factual determinations by the Veterans Court are beyond this court's jurisdiction to review. Alternatively, this court should reject Ms. Doramos' suggestion that the Veterans Court interpreted 38 CFR Section 3.326 to permit inadequate examinations. That's not what the Veterans Court did. It made no such interpretation. It did not purport to interpret or even address that regulation at all. And its decision does not effectively amount to an interpretation of that regulation that would allow inadequate examinations. To the contrary, the Veterans Court applied standards found in its case law to determine that the 2006 examination was adequate. And on that basis, it upheld the board's denial of service connection. So if this court does not dismiss the appeal for lack of jurisdiction, it should affirm the Veterans Court's decision. I'd like to turn first to you, Judge. What would happen if in this particular case where this remand to the medical folks was done to see if you can't explain the dichotomy between the previous diagnoses of schizophrenia by the private doctors and the later one? What would have happened if the 1906 medical report had simply not referred to Dr. Amatt's evidence at all? Then I think that arguably it would not have satisfied... What I'm trying to get at, is that a problem that we can cure or is that a problem that has to be cured by the BVA and or the CAVC? You still argue that it's a question of fact as opposed to a question of law. That was a decision that was made by the Veterans Court. The Veterans Court weighed the evidence. Actually, the board in the first instance weighed the evidence, but then the Veterans Court made the factual finding that the... What I'm trying to get at is what are mistakes that got made, say, in a medical exam that would lead any right-thinking people to say the exam was inadequate? Let's assume that it was inadequate and the BVA said, oh, no, it's adequate, and the CAVC said, oh, no, it's adequate, and then it came up here. Would we have the power? Would it be a question of law, then, or still is it a question of fact? It's still a question of fact under 38 U.S.C. section 7292. So no matter how utterly inadequate the medical report is, there's nothing we can do about it? Well, it sounds like you're talking about what would be a clearly erroneous standard, which is the standard that the board applies, or it's the standard that the Veterans Court applies when it interviews the board. It's not something that this court has the power to do. I think the law is clear that this court does not have the power to revisit factual determinations made by the Veterans Court. I guess it would depend on what the court said in affirming the finding that the medical report wasn't adequate. I suppose if the court said, well, there's no necessity for the examiner to consider contrasting or conflicting evidence, he can only consider the evidence that favors his point of view, that would be a legal problem, right? That sounds like a legal determination, Your Honor. So it depends what they said. Correct. If the decision that was made by the Veterans Court is a legal determination, what is the law that applies? How does it apply? What does it require? Does certain evidence of a certain type have to be considered? Can certain evidence be discounted solely for certain reasons? Those are legal determinations, but that's not what happened here. I believe that during the appellant's argument there were a number of inaccuracies that I would like to bring to the court's attention just briefly. The Veterans Court originally issued a decision on October 30, 2008. This was withdrawn and replaced by the decision appealed from, which was dated February 5, 2009. I believe that appellant's counsel was reading earlier at appendix page III from the October 30 decision, which does contain the language, a medical examiner is not bound by the requirement to take all evidence into account. If you turn to page XX, which is the February 5, 2009 opinion appealed from, that language has been removed. So that's not, in fact, the holding of the Veterans Court. I would also point out that notwithstanding the fact that at one time the Veterans Court said that the examiners are not required to perform that kind of analysis, that in fact in this case they did. The suggestion that the examiners ignored Dr. Amatt's diagnosis or rejected it simply because it was written on the stationery of the Mayaguez Community Health Center was considered and rejected by the Veterans Court. If, again, you look at appendix page XXI, essentially the top three-quarters of the page addresses that argument. And here, starting with the second paragraph, the court says, the court agrees that Dr. Amatt's statement need not be read as stating that he treated the veteran at the Mayaguez Community Mental Health Center in 1955 and thus to reject his diagnosis solely on that basis would constitute error. The rest of the paragraph goes on to say, however, that there are other reasons why the January 2006 examiners rejected Dr. Amatt's opinion, all of which is squarely within the Veterans Court's fact-finding responsibility that's beyond the jurisdiction of this court to review. And for these reasons, we believe that the appeal should be dismissed. I will also say that the Cole case that this court decided very recently, February of this year, cited in our brief at page 11, is very closely analogous to what we have here. In that case, Mr. Cole made a claim for service connection, which was denied. He asserted that the denial was conclusory and had no support in the record. When this opinion was accepted by the board and ultimately by the Veterans Court, he asserted that in doing so, the Veterans Court had interpreted 38 U.S.C. 5103A, the duty to assist, to permit and to be satisfied by a conclusory opinion with no support in the record. He therefore attempted to frame that factual determination as a legal determination. That's very similar to what is occurring here. Ms. Doramos claims that not all the evidence was taken into account by the medical examiners, therefore the exam was inadequate, and that by accepting this medical opinion, the Veterans Court was interpreting 38 CFR section 3.326. In Cole, the court rejected Clayman's argument. It said that the Veterans Court had not interpreted 38 U.S.C. 5103A. It had not held that that statute could be satisfied by a conclusory opinion with no support in the record, but instead what it had done was reviewed the facts supporting the opinion and concluded that it was adequate, which again is exactly what we have here. The Veterans Court did not make an interpretation of section 3.326. It reviewed the facts on which the 2006 opinion was based, and it concluded that that opinion was adequate. Accordingly, this was a factual determination and is not reviewable by this court. I would like to turn now to the alternative argument that there was no misinterpretation. I think I can deal with this fairly briefly. Ms. Doramos asserts that the Veterans Court's decision amounts to an interpretation of section 3.326 that medical examinations don't have to be adequate. In fact, the Veterans Court expressly found that Mr. Doramos' 2006 examination was adequate. 38 CFR section 3.326A states that where there is a claim for disability compensation or pension but medical evidence accompanying the claim is not adequate for rating purposes, a Department of Veterans Affairs examination will be authorized. There is nothing in this section or in sections B or C of section 3.326 that provide any standards for what makes an examination adequate or not adequate. Accordingly, the Veterans Court's determination that the examination was adequate can't be inconsistent with, can't be an interpretation of, and can't be a misinterpretation of section 3.326. If there are no further questions, we ask that for the reasons stated today in our brief, that the appeal be dismissed or alternatively that the Veterans Court decision be affirmed. All right. Thank you. Commissioner John Brady. Just briefly, first I apologize for looking at the wrong decision when I was speaking with you earlier. Appellee's counsel is correct that I was looking at the October 2008 decision instead of the 2009 decision. However, our position would not necessarily change, and that would be that there is still an implicit finding that an examination that does not necessarily provide a review or a discussion of the relevant evidence in the record is adequate. We would submit that it is not. In that case, if there is anything that is unclear in examination, it's unclear what the examiner looked at, it is unclear what led to this examiner's conclusion, then that places the adjudicator in a position where they must exercise potentially their own medical judgment to fill the gaps that were created by the inadequate exam. 3.326 talks about examinations, and 3.326 implicitly provides that it does, in fact, say exactly what counsel said. It says that if the evidence is not adequate, then an examination should be ordered. I would submit that the logical follow-through of that is that there must be that they need an examination that is adequate for rating purposes, to make a decision on the claim. We're basically asking the court to review what adequate means in that context, what is adequate. Thank you very much. Thank you. Pages submitted.